UNITED STATES COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: )<br>Jean Batty; Edward Russo; Mary )<br>Learning; Ken Trudell; Matt Wolf; )<br>Paul P. Barnett; Craig Vacca; David )<br>Goldman; Janele Goldman; and )<br>Commonwealth Second Amendment, )<br>Inc., )<br>              Plaintiffs. )<br>_____)<br>)<br>)<br>    -against- )<br>)<br>Ken Albertelli, in his official Capacity as )<br>Chief of the Winchester Police Department; )<br>Richard C. Grimes, in his Official Capacity )<br>As Chief of the Weymouth Police )<br>Department; William Taylor, in his Official )<br>Capacity as Superintendent of the Lowell )<br>Police Department; and David A. )<br>Provencher, in his Official Capacity as the )<br>Chief of the New Bedford Police )<br>Department, )<br>)<br>)<br>             Defendants. )<br>_____) | CIVIL ACTION NO.<br>1:15-cv-10238 |

**Answer to Amended Complaint of Defendant Kenneth C. Albertelli,
Chief of Winchester Police Department**

1. The defendant does not respond to the first sentence contained in Paragraph 1 of the Plaintiffs' Amended Complaint as it is not a statement of fact. The defendant denies the remaining allegations contained in Paragraph 1 of the Plaintiffs' Amended Complaint.

1

## Jurisdiction and Venue

2. Paragraph 2 states a legal conclusion to which no response is required.

3. The Defendant admits that the Court has personal jurisdiction over the Defendant, Kenneth C. Albertelli.

4. The Defendant Albertelli admits the allegations in Paragraph 4.

5. Defendant Albertelli lacks information sufficient to either admit or deny Paragraph 5.

## "Parties"

1. Defendant Albertelli admits the allegations of Paragraph 1.

2. Defendant Albertelli admits the allegations of Paragraph 2.

3. Paragraph 3 does not apply to Defendant Albertelli and therefore no response is required.

4. Paragraph 4 does not apply to Defendant Albertelli and therefore no response is required.

5. Paragraph 5 does not apply to Defendant Albertelli and therefore no response is required.

6. Paragraph 6 does not apply to Defendant Albertelli and therefore no response is required.

7. Paragraph 7 does not apply to Defendant Albertelli and therefore no response is required.

8. Paragraph 8 does not apply to Defendant Albertelli and therefore no response is required.

9. Paragraph 9 does not apply to Defendant Albertelli and therefore no response is required.

10. Paragraph10 does not apply to Defendant Albertelli and therefore no response is required.

11. The Defendant admits the first sentence of paragraph 11. Further answering Defendant Albertelli states that his true name is Kenneth C. Albertelli. The Defendant denies the second sentence in so far as it contains allegations of fact not and not legal conclusions.

12. Paragraph 12 does not apply to Defendant Albertelli and therefore no response is required.

13. Paragraph 13 does not apply to Defendant Albertelli and therefore no response is required.

14. Paragraph 14 does not apply to Defendant Albertelli and therefore no response is required.

**Constitutional Provisions**

15. Paragraph 15 states a legal conclusion to which no response is required. Further answering, the Second Amendment speaks for itself.

16. Paragraph 16 states a legal conclusion to which no response is required. Further answering, the *Heller* case speaks for itself.

17. Paragraph 17 states a legal conclusion to which no response is required.

18. Paragraph 18 states a legal conclusion to which no response is required. Further answering, the Second Amendment and the *Chicago* case speak for themselves.

19. Paragraph 19 states a legal conclusion to which no response is required.

20. Paragraph 20 states a legal conclusion to which no response is required. Further answering, the Equal Protection Clause and the *Clark* case speak for themselves.

**Massachusetts Handgun Licensing Laws**

21. Paragraph 21 states a legal conclusion to which no response is required. Further answering G.L. c. 140 speaks for itself.

22. Paragraph 22 states a legal conclusion to which no response is required. Further answering G.L. c. 140 speaks for itself.

23. Paragraph 23 states a legal conclusion to which no response is required. Further answering G.L. c. 140 speaks for itself.

24. Paragraph 24 states a legal conclusion to which no response is required. Further answering G.L. c. 140 speaks for itself.

25. Paragraph 25 states a legal conclusion to which no response is required. Further answering G.L. c. 140 speaks for itself.

26. Paragraph 26 states a legal conclusion to which no response is required. Further answering G.L. c. 140 speaks for itself.

27. Defendant Albertelli lacks information sufficient to either admit or deny paragraph 27 to the extent Paragraph 27 contains allegations of fact.

28. Defendant Albertelli lacks information sufficient to either admit or deny paragraph 28 to the extent Paragraph 28 contains allegations of fact. Further answering G.L. c.140 speaks for itself.

## Defendant's Application of the Statute Against the Plaintiffs
## Chief Ken Albertelli and the Winchester Police Department

29. Defendant Albertelli admits the allegations of Paragraph 29.

30. Defendant Albertelli admits the first sentence of Paragraph 30. Defendant Albertelli denies the second sentence of Paragraph 30. Further answering Ms. Batty's application stated as reasons "All Lawful Purposes. Personal Protection and Self Defense."

31. Defendant Albertelli has insufficient information to either admit or deny the allegations of this paragraph. Further answering, Defendant Albertelli's policy was to require more specific information than "All Lawful Purposes" before approving an application.

32. Defendant Albertelli denies the allegations. Further answering Defendant Albertelli approved on May 23, 2013, a license with restrictions of "Hunting and Target Only."

33. Defendant Albertelli admits that Plaintiff Batty currently resides in Scituate. Defendant Albertelli has not sufficient information to answer when Plaintiff moved to Scituate.

34. Defendant Albertelli admits the allegations contained in the first sentence of Paragraph 34. Defendant Albertelli denies the allegations contained in the second sentence. Further answering Defendant Albertelli states that the letter to Mrs. Batty dated January 20, 2015, speaks for itself.

35. Admitted.

36. The first sentence of paragraph 36 is admitted. The second sentence is denied. The third sentence is denied. Further answering the reasons stated in the application were "All lawful purposes personal protection."

37. Paragraph 37 is denied. Further answering, the Defendant Albertelli approved a license with restrictions "Hunting and Target only" on May 23, 2013.

38. Defendant Albertelli admits the allegations contained in the first sentence of Paragraph 38. Defendant Albertelli denies the allegations contained in the second sentence. Further answering, a representative of Defendant Albertelli wrote Mr. Russo a letter in December of 2014 which speaks for itself.

39. The Defendant Albertelli admits the allegation of paragraph 39.

### Chief Grimes and the Weymouth Police Department

40. Paragraph 40 does not apply for the Defendant Albertelli, but to Chief Grimes and the Weymouth Police Department.

41. Paragraph 41 does not apply for the Defendant Albertelli, but to Chief Grimes and the Weymouth Police Department.

42. Paragraph 42 does not apply for the Defendant Albertelli, but to Chief Grimes and the Weymouth Police Department.

43. Paragraph 43 does not apply for the Defendant Albertelli, but to Chief Grimes and the Weymouth Police Department.

44. Paragraph 44 does not apply for the Defendant Albertelli, but to Chief Grimes and the Weymouth Police Department.

### Chief Taylor and the Lowell Police Department

45. Paragraph 45 does not apply to the Defendant Albertelli, but to Chief Taylor and the Lowell Police Department.

46. Paragraph 46 does not apply to the Defendant Albertelli, but to Chief Taylor and the Lowell Police Department.

47. Paragraph 47 does not apply to the Defendant Albertelli, but to Chief Taylor and the Lowell Police Department.

48. Paragraph 48 does not apply to the Defendant Albertelli, but to Chief Taylor and the Lowell Police Department.

49. Paragraph 49 does not apply to the Defendant Albertelli, but to Chief Taylor and the Lowell Police Department.

50. Paragraph 50 does not apply to the Defendant Albertelli, but to Chief Taylor and the Lowell Police Department.

51. Paragraph 51 does not apply to the Defendant Albertelli, but to Chief Taylor and the Lowell Police Department.

52. Paragraph 52 does not apply to the Defendant Albertelli, but to Chief Taylor and the Lowell Police Department.

53. Paragraph 53 does not apply to the Defendant Albertelli, but to Chief Taylor and the Lowell Police Department.

54. Paragraph 54 does not apply to the Defendant Albertelli, but to Chief Taylor and the Lowell Police Department.

### Chief Provencher and the New Bedford Police Department

55. Paragraph 55 does not apply to the Defendant Albertelli, but to Chief Provencher and the New Bedford Police Department.

56. Paragraph 56 does not apply to the Defendant Albertelli, but to Chief Provencher and the New Bedford Police Department.

57. Paragraph 57 does not apply to the Defendant Albertelli, but to Chief Provencher and the New Bedford Police Department.

58. Paragraph 58 does not apply to the Defendant Albertelli, but to Chief Provencher and the New Bedford Police Department.

59. Paragraph 59 does not apply to the Defendant Albertelli, but to Chief Provencher and the New Bedford Police Department.

### Injury to the Plaintiffs

60. Paragraph 60 is denied to the extent it contains allegations of fact requiring an answer and not conclusions of law.

61. Defendant Albertelli lacks sufficient information to either admit or deny paragraph 61.

62. Defendant Albertelli lacks sufficient information to either admit or deny the first and second sentence of paragraph 62. Defendant Albertelli denies the allegations of paragraph 62 as it relates to the Plaintiffs Batty and Russo.

63. Defendant Albertelli denies the allegation of paragraph 63 to the extent it contains allegations of fact relating to licenses issued by himself as Chief of the Winchester Police Department pursuant to G.L. c. 140.

64. Defendant Albertelli denies the allegations of paragraph 64 to the extent it contains allegations of fact and not conclusions of law.

## Count I

65. Paragraph 65 states a legal conclusion to which no response is required. Further answering G.L. c.140 speaks for itself.

66. Paragraph 66 is denied.

67. Paragraph 67 is denied.

68. Paragraph 68 is denied.

## Count II

69. Paragraph 69 states a legal conclusion to which no response is required. Further answering G.L. c. 140 speaks for itself.

70. Paragraph 70 is denied.

71. Paragraph 71 is denied.

## Affirmative Defenses

1. Insofar as Defendant Albertelli is concerned, Plaintiff Batty and Plaintiff Russo have failed to exhaust their administrative and judicial remedies pursuant to M.G.L. c. 140, §131.

2. Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

3. Plaintiff Comm2A lacks standing or cognizable injury.

4. Plaintiff's Complaint should be dismissed for its failure to join a necessary party.

5. The Defendant Albertelli's actions were at all times justified and taken in good faith consistent with the laws of the Commonwealth of Massachusetts.

6. The Second Amendment to the United States Constitution does not entitle either Plaintiff Batty or Plaintiff Russo to an unrestricted license to carry firearms.

7. Plaintiff Batty and Plaintiff Russo's claims are without merit because the statutory scheme under M.G.L. c. 140, §131, did not and do not violate any of the Plaintiffs' constitutional rights.

8. Plaintiffs Batty and Russo have not suffered any actual deprivation of any rights secured by the federal or state constitutions or statutes.

9. Plaintiff Batty and Plaintiff Russo's claims fail to identify specific instances where similarly situated persons within the Town of Winchester were treated more favorably or even differently than Ms. Batty or Mr. Russo by the Defendant Albertelli.

10. Plaintiff Batty and Plaintiff Russo have failed to mitigate their damages.

**Jury Demand**

Defendant Albertelli demands a trial by jury on all counts so triable.

Defendant Kenneth C. Albertelli
By his attorney,

/s/ Wade M. Welch

Wade M. Welch, Esq.
Welch & Donohoe, LLP
655 Summer St., Suite 203
617-428-0222
BBO # 522160

## Certificate of Service

The undersigned member of the Bar certify that a copy of the foregoing document was served by first class mail or by electronic mail as shown on April 27, 2015

/s/ Wade M. Welch

Wade M. Welch


Rachel M. Brown, Esq.
City of Lowell Law Department
375 Merrimack Street, 3rd Floor
Lowell, MA 01852
978-670-4050
978-453-1510 (fax)
rbrown@lowellma.gov

John Davis, Esq.
Pierce, Davis & Perritano, LLP
90 Canal Street
Boston, MA 02114-2018
617-350-0950
617-350-7760 (fax)
jdavis@piercedavis.com

Patrick M. Groulx
Goldman LLP
321 Columbus Avenue
Boston, MA 02116
617-859-8966
617-859-8903 (fax)
Patrick@grolmanllp.com

David D. Jensen
David Jensen PLLC
111 John Street, Suite 420
New York, NY 10038
212-380-6615
david@djensenpllc.com

Kenneth J. Rosetti, Esq.
City of Lowell Law Department
375 Merrimack Street
Lowell, MA 01852
978-674-4050
978-453-1510 (fax)
krossetti@lowellma.gov

Adam Simms, Esq.
Pierce, Davis & Perritano, LLP
90 Canal Street
Boston, MA 02114
617-350-0950
617-350-7760 (fax)
asimms@piercedavis.com