UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JEAN BATTY; EDWARD RUSSO; MARY LEARNING; KEN TRUDELL; MATT WOLF; PAUL P. BARNETT; CRAIG VACCA; DAVID GOLDMAN; JANELLE GOLDMAN; and COMMONWEALTH SECOND AMENDMENT, INC., <br>     Plaintiffs <br><br> v. <br><br> KEN ALBERTELLI, in his Official Capacity as Chief of the Winchester Police Department; RICHARD C. GRIMES, in his Official Capacity as Chief of the Weymouth Police Department; WILLIAM TAYLOR, in his Official Capacity as Superintendent of the Lowell Police Department; and DAVID A. PROVENCHER, in his Official Capacity as Chief of the New Bedford Police Department, <br>     Defendants | C.A. 15-10238-FDS |

## OMNIBUS MOTION OF THE DEFENDANT, WILLIAM TAYLOR, SUPERINTENDENT OF THE LOWELL POLICE DEPARTMENT, TO STAY THIS ACTION AND TO ENLARGE LOWELL'S TIME TO RESPOND TO THE PLAINTIFFS' AMENDED COMPLAINT PENDING RESOLUTION OF THIS MOTION AND/OR ANY STAY THAT ENTERS IN THE ACTION AND REQUEST FOR ORAL ARGUMENT

Defendant, William Taylor, Superintendent of the Lowell Police Department ("Lowell"), hereby respectfully moves this Honorable Court to stay this action under R.R. Comm'n of Texas v. Pullman Co., 312 U.S. 496 (1941) ("Pullman"), and to enlarge Lowell's time to respond to the Plaintiff's Amended Complaint pending resolution of this Motion and any stay that enters in this action.

In support of this Motion, Lowell relies upon its accompanying Memorandum of Law in Support of Lowell's Motion to Stay, filed herewith and incorporated herein by reference in its entirety, and states the following:

### REQUEST FOR PULLMAN STAY/ABSTENTION

1. For certain reasons identified at various points in the firearms licensing case of *Davis v. Grimes*, 1:13-CV-10246-FDS – an action identified as a "related case" by the Plaintiffs in the instant firearms licensing action – this matter warrants a stay under Pullman to afford the parties hereto the chance to litigate claims in state court before this Honorable Court reaches the Plaintiffs' constitutional claims.

2. Pullman counsels that abstention is appropriate when "… (1) substantial uncertainty exists over the meaning of the state law in question, and (2) settling the question of state law will or may well obviate the need to resolve a significant federal constitutional question." *Davis v. Grimes*, 9 F.Supp.3d 12, 33 (D. Mass. 2014) (Saylor, J.) (citing *Batterman v. Leahy*, 544 F.3d 370, 373 (1st Cir. 2008)).

3. In this case, the Plaintiffs challenge what the Plaintiffs allege to be the policies of the defendant licensing authorities (including, but not limited to, Lowell) regarding the issuance of licenses to carry firearms under MGL c. 140, § 131, and in particular, the authorities' purported placement of restrictions on licenses that were allegedly issued to the individual plaintiffs in this law suit.

4. Like *Grimes*, 9 F.Supp.3d at 33, this action raises a novel question under state law regarding the express parameters of a licensing authority's ability to permissibly restrict a license to carry a firearm under MGL c. 140, § 131, when an applicant purports to seek an unrestricted license. The undecided nature of this question satisfies the first prong of the Pullman test, and,

accordingly, Lowell respectfully submits that a court of the Commonwealth should address this question in advance of any ruling on the Plaintiffs' claims of constitutional deprivations.

5. Relatedly, consistent with the second prong of the Pullman test, a state court ruling on whether the licensing authorities' actions comport with the Commonwealth's law on issuing licenses to carry firearms may reduce or eliminate the extent to which this Honorable Court needs to reach the Plaintiffs' constitutional claims.

6. Thus, Lowell respectfully asks this Honorable Court to stay this action under Pullman to allow the parties to litigate the Plaintiffs' claims in state court.

7. Finally, although Lowell posits a stay of this case for the reasons stated herein and in the accompanying Memorandum, Lowell makes no admissions regarding the Plaintiffs' allegations in suit against Lowell or any of the other defendants in this action.

### REQUEST FOR ENLARGEMENT OF TIME FOR LOWELL TO RESPOND TO PLAINTIFFS' AMENDED COMPLAINT

8. Lowell also respectfully requests that this Honorable Court grant an enlargement of time – fourteen (14) days, or such time as this Honorable Court deems reasonable – for Lowell to file and serve either a responsive pleading or a motion to dismiss regarding the Plaintiffs' Amended Complaint. Lowell respectfully asks for this enlargement of time following either the date of termination of any stay entered in the case, should this Court allow the Motion to Stay, or the denial date of the Motion to Stay, should this Court decline to stay the case under Pullman.

### REQUEST FOR ORAL ARGUMENT

In accordance with Local Rule 7.1(d), Lowell respectfully requests oral argument regarding this Motion because Lowell believes that such a hearing will assist the Court.

WHEREFORE, Lowell respectfully requests that this Honorable Court:

1. Enter a stay of this action under Pullman to afford the parties the chance to litigate claims in state court;

2. Grant Lowell an additional fourteen (14) days (or such other time as this Court deems reasonable), following either the date of denial of Lowell's Motion to Stay, or the date of termination of a stay in this action, as the case may be, in which to file and serve a responsive pleading or a motion to dismiss regarding the Plaintiffs' Amended Complaint; and

3. Award to Lowell such other and further relief as this Honorable Court deems meet and just.

May 4, 2015

Respectfully submitted,
DEFENDANT, WILLIAM TAYLOR,
SUPERINTENDENT, LOWELL POLICE
DEPARTMENT

/s/ Kenneth J. Rossetti
Kenneth J. Rossetti, 1st Assistant City Solicitor
BBO # 637135
Rachel M. Brown, Assistant City Solicitor
BBO # 667369
City of Lowell Law Department
375 Merrimack Street, 3rd Floor
Lowell, MA 01852-5909
Tel: 978-674-4050
Fax: 978-453-1510
krossetti@lowellma.gov
rbrown@lowellma.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing document was filed through the Electronic Case Filing System for filing and electronic service to the registered participants as identified on the Notice of Electronic Filing on May 4, 2015.

/s/ Kenneth J. Rossetti
Kenneth J. Rossetti, 1st Assistant City Solicitor