## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JEAN BATTY; EDWARD RUSSO; MARY LEARNING; KEN TRUDELL; MATT WOLF; PAUL P. BARNETT; CRAIG VACCA; DAVID GOLDMAN; JANELLE GOLDMAN; and COMMONWEALTH SECOND AMENDMENT, INC.,<br>     Plaintiffs<br><br>v.<br><br>KEN ALBERTELLI, in his Official Capacity as Chief of the Winchester Police Department; RICHARD C. GRIMES, in his Official Capacity as Chief of the Weymouth Police Department; WILLIAM TAYLOR, in his Official Capacity as Superintendent of the Lowell Police Department; and DAVID A. PROVENCHER, in his Official Capacity as Chief of the New Bedford Police Department,<br>     Defendants | C.A. 15-10238-FDS |

<u>**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE DEFENDANT, WILLIAM TAYLOR, SUPERINTENDENT OF THE LOWELL POLICE DEPARTMENT, TO STAY THIS ACTION AND TO ENLARGE LOWELL'S TIME TO RESPOND TO THE PLAINTIFFS' AMENDED COMPLAINT BY RESPONSIVE PLEADING OR A RULE 12 MOTION TO DISMISS**</u>

Defendant, William Taylor, Superintendent of the Lowell Police Department ("Lowell"),

hereby respectfully submits this Memorandum of Law in support of Lowell's accompanying

Motion to stay this action under <u>R.R. Comm'n of Texas v. Pullman Co.</u>, 312 U.S. 496 (1941)

("<u>Pullman</u>"), and to enlarge Lowell's time to respond to the Plaintiff's Amended Complaint by

fourteen (14) days, following either the date of termination of a stay, or the date of denial of the

Motion to Stay, via either a responsive pleading or a Rule 12 Motion to Dismiss.

## A.    INTRODUCTION AND SUMMARY OF ARGUMENT

This firearms licensing action, like the related case before this Honorable Court of *Davis v. Grimes*, 1:13-CV-10246-FDS, challenges alleged policies of defendant licensing authorities regarding the issuance of licenses to carry firearms under the Commonwealth's statute for issuing such licenses, MGL c. 140, § 131.   More particularly, the Plaintiffs in this case allege federal constitutional claims, under the Second and Fourteenth Amendments, and civil rights violations allegedly arising from the defendants' purported issuance of restricted licenses to carry firearms to the individual Plaintiffs in suit.

To Lowell's knowledge, a Massachusetts appellate court has not ruled upon the express contours of a licensing authority's ability to lawfully restrict a license to carry a firearm under MGL c. 140, § 131, when, as here, a plaintiff purports to seek an unrestricted license to carry a firearm as alleged in the Plaintiffs' Amended Complaint.   Notwithstanding the unsettled nature of this law, the Plaintiffs urge this Court to grant them constitutional and civil rights redress, to include, among other extraordinary remedies, injunctive relief precluding Lowell and the other Defendants in suit "… from issuing LTC's [licenses to carry] with 'sporting,' 'target,' or 'hunting' restrictions, or with any other similar restriction that would preclude the use of handguns for self-protection." Amended Complaint, page 14, ¶ v.

In light of the unsettled question of the specific parameters to lawfully restrict a license to carry a firearm under MGL c. 140, § 131, Lowell respectfully asks this Honorable Court to stay this case under Pullman, to allow the parties the chance to litigate the Plaintiffs' claims in state court.   This course would afford the parties the opportunity to obtain a state-court judgment that could eliminate or narrow the extent to which this Honorable Court needs to reach the Plaintiffs' constitutional claims.   Additionally, Lowell respectfully requests an enlargement of fourteen (14)

days – following either the date of termination of a stay should this Court enter a stay, or the date

of denial of Lowell's Motion to Stay – for Lowell to file and serve a response to the Plaintiffs'

Amended Complaint, via either a responsive pleading or Rule 12 Motion.

**B.     ARGUMENT**

For all of the reasons noted below, Lowell respectfully asks this Honorable Court to grant

the relief requested in Lowell's omnibus Motion in this action.

**I.     THIS HONORABLE COURT SHOULD STAY THIS ACTION UNDER**
***PULLMAN.* THE RELEVANT STATE LAW IS UNSETTLED AND A**
**STATE COURT JUDGMENT MAY ELIMINATE OR LIMIT THE NEED**
**TO REACH THE PLAINTIFFS' CONSTITUTIONAL CLAIMS.**

This action warrants a stay under Pullman because the unsettled question of the specific

parameters under which a municipality's police chief may lawfully restrict a license to carry a

firearm under MGL c. 140, § 131, when an applicant seeks an unrestricted license as alleged in

the instant suit, warrants a ruling in state court before a federal court reaches the federal

constitutional claims alleged by the Plaintiffs.  Pullman counsels that abstention is appropriate

when "… (1) substantial uncertainty exists over the meaning of the state law in question, and (2)

settling the question of state law will or may well obviate the need to resolve a significant federal

constitutional question."  Davis v. Grimes, 9 F.Supp.3d 12, 33 (D. Mass. 2014) (Saylor, J.)

(citing Batterman v. Leahy, 544 F.3d 370, 373 (1st Cir. 2008)) ("Grimes").  As explained below,

the claims in suit warrant a Pullman stay to afford the parties the chance to litigate their claims in

state court, and thereby obtain a state-court judgment that will inform the extent to which this

Court needs to reach the Plaintiffs' federal claims.

Indeed, this Court acknowledged the prospect of Pullman abstention in Grimes, an action

identified as a "related case" by the Plaintiffs in this matter.  Id.  Like Grimes, whose Plaintiffs

are represented by the same legal counsel that represents the Plaintiffs in this action, this suit

alleges federal constitutional and civil rights claims purportedly arising from the defendant licensing authorities' alleged restrictions on licenses to carry firearms to individuals seeking unrestricted licenses under the discretion authorized under MGL c. 140, § 131(a) and § 131(d). See generally Amended Complaint.  Indeed, the seven prayers for relief asserted in the Amended Complaint in this action (pages 13-14) are nearly identical to the prayers for relief asserted in the Amended Complaint in Grimes (see page 12 of Amended Complaint in Grimes); the sole difference between the two cases, in the nature of the relief requested by the respective plaintiffs, is that certain Grimes Plaintiffs seek relief related to action purportedly undertaken pursuant to MGL c. 140, § 131(b), regarding issuance of a Class B license, a matter not relevant to the instant suit.

In acknowledging the prospect of a Pullman stay in Grimes, this Court noted the novelty of the question surrounding whether a licensing authority's alleged categorical policy on the issuance of a license to carry a firearm under MGL c. 140, § 131, comports with the subject state law.  See 9 F.Supp.3d at 33.  This Court also noted that a state-court decision addressing that novel issue "… would obviate the need for a federal constitutional decision on the extent of the Second Amendment in this case.  Therefore, the prudent course of action in these circumstances may be to abstain, and perhaps to certify a question of state law to the Massachusetts Supreme Judicial Court."  Id.  The Court denied cross-motions for summary judgment without prejudice, and ordered the parties to submit supplemental memoranda addressing, among other matters, "… whether *Pullman* abstention is necessary or appropriate."  Id. at 33-4.

After this Court issued the above-described order, the Commonwealth of Massachusetts, the Intervenor in Grimes, wrote at length in support of staying that case under Pullman to afford the parties the chance to litigate the Grimes Plaintiffs' gun licensing claims in state court and

thereby obtain a state-court judgment that could reduce or eliminate the need for this Court to reach federal constitutional claims.   <u>See</u> Supplemental Memorandum of Intervenor Commonwealth of Massachusetts, Case 1:13-cv-10246-FDS, Document 78 (May 15, 2014) ("Commonwealth Memorandum").  In its final paragraph before conclusion, the Commonwealth Memorandum, page 17, summarized the propriety of a stay under <u>Pullman</u> as follows:

> abstention is proper because this case raises unresolved, and potentially determinative, state law questions about the Commonwealth's firearms licensing scheme.  In view of the pending Second Amendment claims, a state-court interpretation of [MGL c. 141,] Section 131(d) is particularly important because Massachusetts courts 'must interpret statutes wherever possible to avoid constitutional doubts ...' *In re Santos*, 461 Mass. 565, 566 (2012).  *See Rugg v. Town Clerk of Arlington*, 364 Mass. 264, 268 (1973) ('It is our duty, if reasonably possible, so to interpret the statute as to avoid unnecessary decision of serious constitutional questions.').  The unresolved state-law questions in this case touch important matters of legislative policy, and have ramifications for hundreds of Massachusetts cities and towns that issue licenses to carry.  In the interests of comity and wise judicial administration the state courts should first address these questions to potentially 'spare[] the federal courts of unnecessary constitutional adjudication.' *Harrison v. NAACP*, 360 U.S. 167, 177.

In illustrating reasons supporting a <u>Pullman</u> stay in <u>Grimes</u> – some of which reasons this Court raised in its preceding summary judgment ruling in that case, 9 F.Supp.3d at 33 – the Commonwealth Memorandum also offers insight relevant to the instant suit given the overlap of the legal claims in the two actions.  Indeed, Lowell respectfully submits that reasons supporting a <u>Pullman</u> stay in <u>Grimes</u> likewise support a <u>Pullman</u> stay in this case.  Like <u>Grimes</u>, this action includes allegations that defendant licensing authorities applied categorical policies regarding the issuance of licenses to carry firearms, and that the defendants impermissibly issued restricted licenses to individuals seeking unrestricted licenses.  Thus, like <u>Grimes</u>, this action concerns the specific parameters under which a licensing authority under MGL c. 140, § 131, may permissibly issue restrictions under Sections (a) and (d) of MGL c. 140, § 131, to license applicants who seek

unrestricted licenses, a novel (and, thus, unsettled) question under state law. See 17A Moore's Federal Practice § 122.02[2][b] (3rd ed. 2012) (cited in Commonwealth Memorandum, page 14).

Additionally, allowing the parties to litigate their claims in state court, following a stay of this action under Pullman, would afford the litigants the chance to develop a factual record to address the plaintiffs' allegations, and to seek a state-court judgment that may very well eliminate or reduce the need for this Court to reach the constitutional claims asserted by the Plaintiffs. Thus, the novelty of the state law question at issue under MGL c. 140, § 131, and the fact that a state-court resolution of that issue would inform the extent to which this Court needs to address the Plaintiffs' constitutional claims, support granting a stay of this action under Pullman. Cf. Grimes, 9 F.Supp.3d at 33.

Further, comity – an issue noted by the Commonwealth in Grimes, on page 17 of the Commonwealth Memorandum – militates in favor of staying this action under Pullman and allowing the parties to litigate claims in state court. By its terms, MGL c. 140, § 131, vests considerable discretion in a licensing authority to issue restrictions on a license to carry a firearm. See MGL c. 140, § 131(a); see also MGL c. 140, § 131(d). Because that discretion lies within a local authority, a state court should be afforded the chance to address the unresolved question of the specific extent to which such local authority may lawfully restrict a license to carry a firearm issued to an applicant who seeks a license for all lawful purposes, before a federal court addresses federal constitutional claims surrounding the exercise of such authority.

Equally importantly, staying this case under Pullman would not deprive the Plaintiffs of remedy against the Defendants. The Plaintiffs could seek declaratory relief against the Defendants in state court under MGL c. 231A, § 2. The Plaintiffs could also reapply for unrestricted licenses from the Defendants, and, to the extent they feel aggrieved, the Plaintiffs

could seek judicial review of the licensing authorities' actions under MGL c. 140, § 131(f).  See
Ruggiero v. Police Comm'r of Boston, 18 Mass. App. Ct. 256, 257 (1984).  Additionally, if
aggrieved following such judicial review, the Plaintiffs could seek certiorari relief under MGL c.
249, § 4.  See Godfrey v. Chief of Police of Wellesley, 35 Mass. App. Ct. 42, 46 (1993).

      In such state-court litigation, the parties would be able to develop a factual record, try
their respective claims and defenses, and seek a state-court judgment.  The parties would also be
able to seek state-court appellate relief following any trial-court judgment.  The end result of
such state-based litigation would inform the extent to which this Court needs to reach the
Plaintiffs' federal constitutional questions.

      Thus, a Pullman stay would not deprive the Plaintiffs of remedy, nor would a Pullman
stay require dismissing this action.  Instead, a Pullman stay would simply afford the parties the
chance to achieve a state-court judgment on an unsettled question of state law, and then return to
this Court with that judgment and, to the extent necessary, try the Plaintiffs' federal claims.

      Finally, although Lowell respectfully moves this Court to stay this action under Pullman,
Lowell makes no admissions regarding the Plaintiffs' claims against Lowell or against any of the
other Defendants in suit.  Lowell simply proposes a sequence of litigation consistent with the
nature of the Plaintiffs' accusations in suit and the unsettled question of state law at issue.
Indeed, a Pullman stay, in Lowell's view, is particularly appropriate given the newness of this
case, and Lowell respectfully submits that the parties' claims should first be tried in state court.

II.    **LOWELL ALSO RESPECTFULLY ASKS THIS HONORABLE COURT TO ENLARGE THE TIME FOR LOWELL TO RESPOND TO THE PLAINTIFFS' AMENDED COMPLAINT FOLLOWING EITHER THE DATE OF TERMINATION OF A STAY IF THE COURT ENTERS A STAY, OR THE DATE OF DENIAL OF LOWELL'S MOTION TO STAY.**

In addition to requesting a stay of this litigation, Lowell respectfully requests that this Honorable Court grant an enlargement of time – fourteen (14) days, or such time as this Honorable Court deems reasonable – for Lowell to respond to the Plaintiffs' Amended Complaint, either via a responsive pleading or a motion to dismiss.  Lowell respectfully asks for this enlargement of time following either the date of termination of any stay entered in the case, should this Court enter a _Pullman_ stay, or the date of denial of the Motion to Stay, should this Court decline to stay this case under _Pullman_.

Good cause under Fed. R. Civ. P. 6(b) supports Lowell's requested enlargement of time to respond to the Plaintiffs' Amended Complaint because Lowell's request to stay the litigation under _Pullman_ is advanced in good faith – indeed, this Court previously acknowledged the prospect of a _Pullman_ stay when confronted with similar legal claims in _Grimes_, 9 F.Supp.3d at 33 – and the granting of a stay, to facilitate state-court litigation to address the unsettled question of state law under MGL c. 140, § 131, may obviate the need for Lowell to respond to the Amended Complaint depending upon the outcome of the state-court litigation.

C.    **CONCLUSION**

For all of the foregoing reasons, Lowell respectfully requests that this Honorable Court enter a stay of this action under _Pullman_ to afford the parties the chance to litigate claims in state court, and grant Lowell an additional fourteen (14) days (or such other time as this Court deems reasonable), following either the date of termination of any stay entered in the case, should the

8

Court enter a <u>Pullman</u> stay, or the date of denial of the Motion to Stay, should the Court decline

to stay this case under <u>Pullman</u>, to respond to the Plaintiffs' Amended Complaint in this action.

May 4, 2015

Respectfully submitted,
DEFENDANT, WILLIAM TAYLOR,
SUPERINTENDENT, LOWELL POLICE
DEPARTMENT

*/s/ Kenneth J. Rossetti*
Kenneth J. Rossetti, 1st Assistant City Solicitor
BBO # 637135
Rachel M. Brown, Assistant City Solicitor
BBO # 667369
City of Lowell Law Department
375 Merrimack Street, 3rd Floor
Lowell, MA 01852-5909
Tel: 978-674-4050
Fax: 978-453-1510
krossetti@lowellma.gov
rbrown@lowellma.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was filed through the
Electronic Case Filing System for filing and electronic service to the registered participants as
identified on the Notice of Electronic Filing on May 4, 2015.

/s/ Kenneth J. Rossetti
Kenneth J. Rossetti, 1st Assistant City Solicitor