UNITED STATES COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.
1:15-CV-10238-FDS

| | |
|---|---|
| IN RE: | ) |
| | ) |
| JEAN BATTY; EDWARD RUSSO; MARY | ) |
| LEARNING; KEN TRUDELL; MATT WOLF; | ) |
| PAUL P. BARNETT; CRAIG VACCA; | ) |
| DAVID GOLDMAN; JANELE GOLDMAN; | ) |
| AND COMMONWEALTH SECOND | ) |
| AMENDMENT, INC. | ) |
| Plaintiffs | ) |
| | ) |
| VS. | ) |
| | ) |
| KEN ALBERTELLI, in his Official Capacity as | ) |
| Chief of the Winchester Police Department; | ) |
| RICHARD C. GRIMES, in his official Capacity | ) |
| As Chief of the Weymouth Police Department; | ) |
| WILLIAM TAYLOR, in his Official Capacity as | ) |
| Superintendent of the Lowell Police Department; | ) |
| And DAVID A. PROVENCHER, in his Official | ) |
| Capacity as Chief of the New Bedford Police | ) |
| Department, | ) |
| Defendants | ) |

**DEFENDANT, DAVID A. PROVENCHER, in his Official Capacity
as the Chief of Police of the New Bedford Police Department's ANSWER
TO PLAINTIFFS' AMENDED COMPLAINT**

1. Defendant, David A. Provencher, states that the first sentence in Paragraph 1 of Plaintiff's Amended Complaint is a statement of fact, thereby requiring no response. The Defendant, David Provencher denies the remaining allegations contained in Paragraph 1 of Plaintiffs' Amended Complaint and calls on Plaintiffs to prove the same.

1

## **JURISDICTION AND VENUE**

2. Defendant, David A. Provencher, states that Paragraph 2 of the Plaintiffs' Amended Complaint states a legal conclusion to which no response is required.

3. The Defendant, David A. Provencher, admits that the Court has personal jurisdiction over the Defendant, David Provencher.

4. The Defendant, David A. Provencher, admits the allegations contained in Paragraph 4 of Plaintiffs' Amended Complaint.

5. Defendant, David A. Provencher, is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 5 of Plaintiff's Amended Complaint.

## **PARTIES**

1. Defendant, David A. Provencher, is without sufficient information or knowledge to either admit or deny the allegations of Paragraph 1.

2. Defendant, David A. Provencher, is without sufficient information or knowledge to either admit or deny the allegations of Paragraph 2.

3. Defendant, David A. Provencher, is without sufficient information or knowledge to either admit or deny the allegations of Paragraph 3.

4. Defendant, David A. Provencher, is without sufficient information or knowledge to either admit or deny the allegations of Paragraph 4.

5. Defendant, David A. Provencher, is without sufficient information or knowledge to either admit or deny the allegations of Paragraph 5.

6. Defendant, David A. Provencher, is without sufficient information or knowledge to either admit or deny the allegations of Paragraph 6.

7. Defendant, David A. Provencher, is without sufficient information or knowledge to either admit or deny the allegations of Paragraph7.

8. Defendant, David A. Provencher, is without sufficient information or knowledge to either admit or deny the allegations of Paragraph 8.

9. Defendant, David A. Provencher, is without sufficient information or knowledge to either admit or deny the allegations of Paragraph 9.

10. Defendant, David A. Provencher, states that Paragraph 10 does not apply to Defendant and, therefore, no response is required.

11. Defendant, David A. Provencher, states that Paragraph 11 does not apply to Defendant and, therefore, no response is required.

12. Defendant, David A. Provencher, states that Paragraph 12 does not apply to Defendant and, therefore, no response is required.

13. Defendant, David A. Provencher, states that Paragraph 13 does not apply to Defendant and, therefore, no response is required.

14. Defendant, David A. Provencher, admits the first sentence of Paragraph 14 and denies the remaining allegations of Paragraph 14 and calls upon the Plaintiffs to prove the same.

## **CONSTITUTIONAL PROVISIONS**

15. Defendant, David A. Provencher, states that Paragraph 15 states a legal conclusion to which no response is required. Further answering, the Second Amendment speaks for itself.

16. Defendant, David A. Provencher, states that Paragraph 16 states a legal conclusion to which no response is required. Further answering, the *Heller* case speaks for itself.

17. Defendant, David A. Provencher, states that Paragraph 17 states a legal conclusion to which no response is required.

18. Defendant, David A. Provencher, states that Paragraph 18 states a legal conclusion to which no response is required. Further answering, the Second Amendment and the *Chicago* case speak for themselves.

19. Defendant, David A. Provencher, states that Paragraph 19 states a legal conclusion to which no response is required.

20. Defendant, David A. Provencher, states that Paragraph 20 states a legal conclusion to which no response is required. Further answering, the Equal Protection Clause and the *Clark* case speak for themselves.

## MASSACHUSETTS HANDGUN LICENSING LAWS

21. Defendant, David A. Provencher, states that Paragraph 21 states a legal conclusion to which no response is required. Further answering, G.L. c. 140 speaks for itself.

22. Defendant, David A. Provencher, states that Paragraph 22 states a legal conclusion to which no response is required. Further answering, G.L. c. 140 speaks for itself.

23. Defendant, David A. Provencher, states that Paragraph 23 states a legal conclusion to which no response is required. Further answering, G.L. c. 140 speaks for itself.

24. Defendant, David A. Provencher, states that Paragraph 24 states a legal conclusion to which no response is required. Further answering, G.L. c. 140 speaks for itself.

25. Defendant, David A. Provencher, states that Paragraph 25 states a legal conclusion to which no response is required. Further answering, G.L. c. 140 speaks for itself.

26. Defendant, David A. Provencher, states that Paragraph 26 states a legal conclusion to which no response is required. Further answering, G.L. c. 140 speaks for itself.

27. Defendant, David A. Provencher, is without sufficient information or knowledge to either admit or deny Paragraph 27 to the extent Paragraph 27 contains allegations of fact.

28. Defendant, David A. Provencher, is without sufficient information or knowledge to either admit or deny Paragraph 28 to the extent Paragraph 28 contains allegations of fact. Further answering, G.L. c. 140 speaks for itself.

## DEFENDANTS' APPLICATION OF THE STATUTE AGAINST THE PLAINTIFFS

### Chief Ken Albertelli and the Winchester Police Department

29. Defendant, David A. Provencher, is without sufficient information or knowledge to either admit or deny Paragraph 29.

30. Defendant, David A. Provencher states that Paragraph 30 does not apply to Defendant and, therefore, no response is required.

31. Defendant, David A. Provencher states that Paragraph 31 does not apply to Defendant and, therefore, no response is required.

32. Defendant, David A. Provencher states that Paragraph 32 does not apply to Defendant and, therefore, no response is required.

33. Defendant, David A. Provencher, is without sufficient information or knowledge to either admit or deny Paragraph 33. Further answering, Paragraph 33 does not apply to Defendant and, therefore, no response is required.

34. Defendant, David A. Provencher, states that Paragraph 34 does not apply to Defendant and, therefore, no response is required.

35. Defendant, David A. Provencher, states that Paragraph 35 does not apply to Defendant and, therefore, no response is required.

36. Defendant, David A. Provencher, states that Paragraph 36 does not apply to Defendant and, therefore, no response is required.

37. Defendant, David A. Provencher, states that Paragraph 37 does not apply to Defendant and, therefore, no response is required.

38. Defendant, David A. Provencher, states that Paragraph 38 does not apply to Defendant and, therefore, no response is required.

39. Defendant, David A. Provencher, states that Paragraph 39 does not apply to Defendant and, therefore, no response is required.

**Chief Grimes and the Weymouth Police Department**

40. Defendant, David A. Provencher, states that Paragraph 40 does not apply to Defendant, and therefore, no response is required.

41. Defendant, David A. Provencher, states that Paragraph 41 does not apply to Defendant and, therefore, no response is required.

42. Defendant, David A. Provencher, states that Paragraph 42 does not apply to Defendant and, therefore, no response is required.

43. Defendant, David A. Provencher, states that Paragraph 43 does not apply to Defendant and, therefore, no response is required.

44. Defendant, David A. Provencher, states that Paragraph 44 does not apply to Defendant and, therefore, no response is required.

**Chief Taylor and the Lowell Police Department**

45. Defendant, David A. Provencher, states that Paragraph 45 does not apply to Defendant and, therefore, no response is required.

46. Defendant, David A. Provencher, states that Paragraph 46 does not apply to Defendant and, therefore, no response is required.

47. Defendant, David A. Provencher, states that Paragraph 47 does not apply to Defendant and, therefore, no response is required.

48. Defendant, David A. Provencher, states that Paragraph 48 does not apply to Defendant and, therefore, no response is required.

49. Defendant, David A. Provencher, states that Paragraph 49 does not apply to Defendant and, therefore, no response is required.

50. Defendant, David A. Provencher, states that Paragraph 50 does not apply to Defendant and, therefore, no response is required.

51. Defendant, David A. Provencher, states that Paragraph 51 does not apply to Defendant and, therefore, no response is required.

52. Defendant, David A. Provencher, states that Paragraph 52 does not apply to Defendant and, therefore, no response is required.

53. Defendant, David A. Provencher, states that Paragraph 53 does not apply to Defendant and, therefore, no response is required.

54. Defendant, David A. Provencher, states that Paragraph 54 does not apply to Defendant and, therefore, no response is required.

**Chief Provencher and the New Bedford Police Department**

55. Defendant, David A. Provencher is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 55 of Plaintiffs' Amended Complaint. To the extent response is required, denied.

56. Defendant, David A. Provencher admits the allegations in Sentence 1 contained in Paragraph 56 of Plaintiffs' Amended Complaint. Defendant, David A. Provencher denies the allegations in Sentence 2 of Plaintiffs' Amended Complaint. Defendant, David A. Provencher denies the allegations contained in Sentence 3 of Paragraph 56 of Plaintiffs' Amended Complaint. Defendant, David A. Provencher, admits the allegations in Sentence 4 of Paragraph 56 of Plaintiffs' Amended Complaint.

57. Defendant, David A. Provencher admits the allegations contained in Paragraph 57 of Plaintiffs' Amended Complaint.

58. Defendant, David A. Provencher admits the allegations contained in Paragraph 58 of Plaintiffs' Amended Complaint.

59. Defendant, David A. Provencher admits the allegations contained in Sentence 1 of Paragraph 59 of Plaintiffs' Amended Complaint. Defendant, David A. Provencher admits Sentence 2 of Paragraph 59, but states that said e-mail does not accurately describe the Chief's standard as it applies to first time applicants for a license to carry.

**Injury to the Plaintiffs**

60. Paragraph 60 is denied to the extent it contains allegations of fact requiring an answer and not conclusions of law.

61. Defendant, David A. Provencher is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 61 of Plaintiffs' Amended Complaint.

62. Defendant, David A. Provencher is without sufficient information to either admit or deny the allegations contained in Paragraph 62 of Plaintiffs' Amended Complaint. Defendant, David A. Provencher denies the allegations of Paragraph 62 as it relates to the Plaintiffs, David Goldman and Janele Goldman.

63. Defendant, David A. Provencher denies the allegations contained in Paragraph 63 to the extent it contains allegations of fact relating to licenses issued by himself as Chief of Police of the New Bedford Police Department pursuant to G.L. c.140.

64. Defendant, David A. Provencher denies the allegations of Paragraph 64 to the extent it contains allegations of fact and not conclusions of law.

## **COUNT I**

**(U. S. Const., Amends. II & XIV, 42 U. S. C. § 1983)**

65. Defendant, David A. Provencher states that Paragraph 65 states a legal conclusion to which no response is required. Further answering G.L. c.140 speaks for itself.
66. Defendant, David A. Provencher denies the allegations contained in Paragraph 66 of Plaintiffs' Amended Complaint.

67. Defendant, David A. Provencher denies the allegations contained in Paragraph 67 of Plaintiffs' Amended Complaint.

68. Defendant, David A. Provencher denies the allegations contained in Paragraph 68 of Plaintiffs' Amended Complaint.

## COUNT II

### (U. S. Const., Amends. II & XIV, 42 U. S. C. § 1983)

69. Defendant, David A. Provencher states that Paragraph 69 states a legal conclusion to which no response is required. Further answering G.L. c.140 speaks for itself.

70. Defendant, David A. Provencher denies the allegations contained in Paragraph 70 of Plaintiffs' Amended Complaint.

71. Defendant, David A. Provencher denies the allegations contained in Paragraph 71 of Plaintiffs' Amended Complaint.

## AFFIRMATIVE DEFENSES

1. Insofar as Defendant, David A. Provencher is concerned, Plaintiff David Goldman and Plaintiff Janele Goldman have failed to exhaust their administrative and judicial remedies pursuant to M.G.L. c. 140, §131.

2. Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted.

3. Plaintiffs' Comm2A lacks standing or cognizable injury.

4. Plaintiffs' Amended Complaint should be dismissed for its failure to join in a necessary party.

5. Defendant, David A. Provencher's actions were at all times justified and taken in good faith consistent with the laws of the Commonwealth of Massachusetts.

6. The Second Amendment to the United States Constitution does not entitle either Plaintiff David Goldman or Plaintiff Janele Goldman to an unrestricted license to carry firearms.

7. Plaintiff David Goldman and Plaintiff Janele Goldman's claims are without merit because the statutory scheme under M.G.L. c. 140, §131, did not and do not violate any of the Plaintiffs' constitutional rights.

8. Plaintiffs, David Goldman and Janele Goldman have not suffered any actual deprivation of any rights secured by the federal or state constitutions or statutes.

9. Plaintiff David Goldman and Plaintiff Janele Goldman's claims fail to identify specific instances where similarly situated persons within the City of New Bedford were treated more favorably or even differently than David Goldman or Janele Goldman by the Defendant, David A. Provencher.

10. Plaintiff David Goldman and Plaintiff Janele Goldman have failed to mitigate their damages.

## JURY DEMAND

Defendant, David A. Provencher, demands a trial by jury on all counts so triable.

Respectfully submitted

Defendant, David A. Provencher, in His Official Capacity as Chief of the New Bedford Police Department

By his Attorney,

/s/ Kreg R. Espinola
Kreg R. Espinola

Assistant City Solicitor
CITY OF NEW BEDFORD
Office of the City Solicitor
133 William Street, Room 203
New Bedford, MA 02740
Tel: (508) 979-1460
BBO # 649389
Kreg.espinola@newbedford-ma.gov

DATED: May 22, 2015

## CERTIFICATE OF SERVICE

     I, Kreg R. Espinola, counsel for Defendant, David A. Provencher, in his official capacity as Chief of Police for City of New Bedford Police Department, hereby certify that a copy of the foregoing document was served by first class mail or by electronic mail as shown on May 22, 2015, to the following:


Rachel M. Brown, Esquire
City of Lowell Law Department
375 Merrimack Street, 3rd Floor
Lowell, MA 01852
978-670-4050
978-453-1510 (fax)
rbrown@lowellma.gov


Kenneth J. Rossetti, Esquire
City of Lowell Law Department
375 Merrimack Street, 3rd Floor
Lowell, MA 01852
978-670-4050
978-453-1510 (fax)
krossetti@lowellma.gov


John Davis, Esquire
Pierce, Davis & Perritano, LLP
90 Canal Street
Boston, MA 02114-2018
617-350-0950
617-350-7760 (fax)
jdavis@piercedavis.com


Adam Simms, Esquire
Pierce, Davis & Perritano, LLP
90 Canal Street
Boston, MA 02114
617-350-0950
617-350-7760 (fax)
asimms@piercedavis.com

Patrick M. Groulx
Goldman LLP
321 Columbus Avenue
Boston, MA 02116
617-859-8966
617-859-8903 (fax)
Patrick@grolmanllp.com


David D. Jensen
David Jensen PLLC
111 John Street, Suite 420
New York, NY 10038
212-380-6615
david@djensenpllc.com


Wade M. Welch, Esquire
Welch & Donohoe, LLP
655 Summer Street, Suite 203
Boston, MA
617-428-0222
617-428-0285 (fax)
wwelch@welchdonohoe.com

/s/Kreg R. Espinola
Kreg R. Espinola


Assistant City Solicitor
CITY OF NEW BEDFORD

DATED: May 22, 2015