| | |
|---|---|
| JEAN BATTY; EDWARD RUSSO; MATT WOLF; PAUL P. BARNETT; CRAIG VACCA; DAVID GOLDMAN; JANELE GOLDMAN; and COMMONWEALTH SECOND AMENDMENT, INC., <br><br> Plaintiffs, <br><br> -against- <br><br> KEN ALBERTELLI, in his official Capacity as Chief of the Winchester Police Department; WILLIAM TAYLOR, in his Official Capacity as Superintendent of the Lowell Police Department; and DAVID A. PROVENCHER, in his Official Capacity as Chief of the New Bedford Police Department, <br><br> Defendants. | CIVIL ACTION NO. 1:15-cv-10238-FDS |

## **MEMORANDUM OF DEFENDANT, LOWELL POLICE SUPERINTENDENT TAYLOR, IN SUPPORT OF ACCOMPANYING DISPOSITIVE MOTION**

Defendant William Taylor, Superintendent of the Lowell Police Department ("Superintendent Taylor"), hereby respectfully submits this memorandum in support of his accompanying Motion to Dismiss.

### **INTRODUCTION**

In this action, which entered on or about January 30, 2015, the various Plaintiffs herein allege constitutional and civil rights violations that they claim arise from decisions of various Police Chiefs regarding applications by the individual plaintiffs to receive licenses to carry firearms ("LTCs") in the Commonwealth of Massachusetts under MGL c. 140, § 131. Included among these plaintiffs are Plaintiffs Matt Wolf, Paul P. Barnett, Craig Vacca, and Commonwealth Second Amendment, Inc. (collectively, "Lowell Plaintiffs"), who allege causes

of action against Superintendent Taylor regarding decisions by Superintendent Taylor on applications for LTCs submitted by Mr. Wolf, Mr. Barnett, and Mr. Vacca.

Following commencement of this case, Superintendent Taylor advanced an updated policy on issuing LTCs. A true and accurate copy of that policy is attached hereto at **Exhibit A**, and it is not the policy to which the Lowell Plaintiffs refer in their Amended Complaint (Document 9, dated March 11, 2015). This policy issued in February, 2016, after Superintendent Taylor received input from the Lowell Plaintiffs, directly and through their counsel, and from the public at large during Lowell City Council proceedings. Further, the respective parties apprised this Honorable Court at various points in this case regarding the issuance of the new policy on LTCs.

As none of the Lowell Plaintiffs has been denied a license to carry a firearm under the new policy attached hereto, Superintendent Taylor respectfully moves to dismiss the claims of the Lowell Plaintiffs in their entirety. These Plaintiffs have not suffered injury under this new policy and the enactment of the new policy has mooted their claims against Superintendent Taylor. Thus, dismissal should enter against each of the claims of the Lowell Plaintiffs.

**ARGUMENT**

**THE LOWELL PLAINTIFFS' CLAIMS SHOULD BE DISMISSED IN THEIR ENTIRETY BECAUSE NO LOWELL PLAINTIFF HAS BEEN DENIED A LICENSE TO CARRY UNDER THE NEW POLICY ATTACHED HERETO. THESE PLAINTIFFS HAVE ACCORDINGLY NOT SUFFERED DAMAGES UNDER THIS NEW POLICY, AND THE ENACTMENT OF THE NEW POLICY HAS MOOTED THE LOWELL PLAINTIFFS' CLAIMS.**

The Lowell Plaintiffs' claims against Superintendent Taylor should be dismissed in their entirety based on standing/mootness grounds. It is well settled that in order for a federal court to have jurisdiction to hear a case, the plaintiff must have standing to assert the claim, which requires the plaintiff to show that he or she incurred a harm traceable to the defendant's

actionable conduct. See, e.g., Ahmed v. Hosting.com, 28 F.Supp.3d 82, 86-7 (D. Mass. 2014). The absence of standing precludes the plaintiff from obtaining relief from the defendant. See id.

It is also well settled that an action in federal court cannot proceed if events subsequent to the commencement of suit moot the plaintiff's claims. See, e.g., Adams v. Fed. Bureau of Prisons, 716 F.Supp.2d 107, 111 (D. Mass. 2010) ("the requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness). So even where the Plaintiff initially presents a viable claim,[1] a federal court is duty bound to dismiss [her] claim as moot if subsequent events unfold in a manner that undermines any one of the three pillars on which constitutional standing rests: injury in fact, causation, and redressability") (quotation omitted).

In this case, events subsequent to the commencement of this suit have mooted the Lowell Plaintiffs' claims, in that the City of Lowell enacted a new policy on the issuance of LTCs, which policy is not the one about which the Lowell Plaintiffs complain in their pleadings. Further, no Lowell Plaintiff has been denied an application for a license to carry in the City of Lowell.

The enactment of the new policy on LTCs has mooted the claims of the Lowell Plaintiffs. These Plaintiffs likewise lack standing because they have not suffered harm arising from the enactment of the new policy on the issuance of LTCs. The claims of the Lowell Plaintiffs accordingly warrant dismissal in their entirety.

WHEREFORE, Superintendent Taylor respectfully asks that this Honorable Court award the following relief:

---

[1] Lowell Superintendent Taylor does not admit that the Lowell Plaintiffs presented viable claims against him at the commencement of this case, or any time thereafter.

1. Enter an order dismissing the Lowell Plaintiffs' claims in their entirety on mootness/standing grounds; and

2. Award to Superintendent Taylor such other and further relief as this Honorable Court deems meet and just.

> LOWELL SUPERINTENDENT WILLIAM TAYLOR,
> By his attorneys,
>
> */s/ Kenneth J. Rossetti*
> Kenneth J. Rossetti, 1st Assistant City Solicitor
> BBO # 637135
> Rachel M. Brown, Assistant City Solicitor
> BBO # 667369
> City of Lowell Law Department
> 375 Merrimack Street, 3rd Floor
> Lowell, MA 01852-5909
> Tel: 978-674-4050
> Fax: 978-453-1510
> krossetti@lowellma.gov
> rbrown@lowellma.gov

Dated: July 7, 2016

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(2)

I hereby certify that I conferred with counsel of record for the Lowell Plaintiffs noted above prior to filing this Motion.

> /s/ Kenneth J. Rossetti
> Kenneth J. Rossetti, 1st Assistant City Solicitor

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was filed through the Electronic Case Filing System for filing and electronic service to the registered participants as identified on the Notice of Electronic Filing on July 7, 2016.

> /s/ Kenneth J. Rossetti
> Kenneth J. Rossetti, 1st Assistant City Solicitor