# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JEAN BATTY; EDWARD RUSSO; MATT WOLF; PAUL P. BARNETT; CRAIG VACCA; and COMMONWEALTH SECOND AMENDMENT, INC., | ) ) ) ) ) CIVIL ACTION NO. ) 1:15-cv-10238-FDS |
| Plaintiffs, | ) ) |
| -against- | ) ) |
| KEN ALBERTELLI, in his official Capacity as Chief of the Winchester Police Department; and WILLIAM TAYLOR, in his Official Capacity as Superintendent of the Lowell Police Department, | ) ) ) ) ) ) |
| Defendants. | ) ) |

## PLAINTIFFS' RESPONSE TO DEFENDANT KEN ALBERTELLI'S STATEMENT OF MATERIAL FACTS

Now come the Plaintiffs Jean Batty, Edward Russo, and Commonwealth Second Amendment, Inc., and respond to the "Facts Not in Dispute" contained in Defendant's memorandum of law (Doc. No. 50-1) at pages 6-8 pursuant to Rule 56(c) and Local Rule 56.1:

**Numbered Facts on Page 6:**

1. On March 24, 2013, Jean Batty, a resident of Winchester, applied for a license to carry from the Winchester Police Department. (Exhibit 1)

   **Response:** Not disputed.

2. The application form requested that the license be issued for "all lawful purposes, personal protection and self-defense." (Exhibit 1 page 3 of 3)

   **Response:** Not disputed.

3.   At the time of the application, the applicant indicated that that she resided in the Town of Winchester. (Exhibit 1 page 1 of 3) ).

**Response:**  Not disputed.

4.   On June 5, 2013, a license to carry without restriction was issued in error to Jean Batty by the Town of Winchester which indicated her current residence at 58 Bacon Street, Winchester. Exhibit 2)

**Response:**  Denied.  The evidence does not show that the license was issued "in error." Otherwise, not disputed.

5.   By the end of June 2013, Plaintiff Batty no longer lived on Bacon Street in Winchester. (Exhibit 3 Batty Depos. Page 121. 7-8)

**Response:**  Not disputed.

6.   On December 31, 2014 a letter to Plaintiff from the Defendant's staff , directing Plaintiff Batty to turn in her unrestricted license was addressed to 58 Bacon Street, Winchester, MA. (Exhibit 4 )

**Response:**  Not disputed.

7.   On January 26, 2015, Jean Batty's husband returned her license and she was issued a corrected license with a "Target & Hunting" restriction. (Exhibit 5 )

**Response:**  Not disputed.

8.   At no time after the issuance of the corrected licenses did Plaintiff Batty take any action pursuant to M.G.L Chapter 140 Section 131 (f) seeking relief from Chief Albertelli's action as an "aggrieved" person. (Exhibit 3 Batty Deposition p. 251. 3-16)

**Response:**  Not disputed.

**Bullet Points on Page 7:**

- [Jean Batty] Never had a license to carry (Exhibit 1 Batty License Application p.1)

  **Response:** Not disputed that Plaintiff Jean Batty had not previously held a license to carry when she submitted her license application (Exhibit 1) on March 24, 2013.

- [Jean Batty] Never been to the target range. (Exhibit 3 Batty Deposition p. 13 1. 11-12)

  **Response:** Denied. Plaintiff Jean Batty had used a target range in in the past, as indicated in the deposition transcript pages Defendant submitted as Exhibit 3.

- [Jean Batty] Never owned a gun. (Exhibit 3 Batty Deposition p.13 1. 7-12)

  **Response:** Not dispute, but Ms. Batty's husband owns a gun, as indicated on lines 4-6 of page 14 of her deposition (attached hereto as Exhibit 1).

- [Jean Batty] Only experience with shooting a gun other than when certifying was when she was in camp as a 'kid' (Exhibit 3 Batty Deposition p.13 1.13-22.)

  **Response:** Not disputed.

- [Jean Batty] Had a "full license" from June 2013-Jan. 2015, never purchased a gun (Exhibit 3 Batty Deposition Page 13 1. 7-12).

  **Response:** Not disputed.

- [Jean Batty] Stated never owned a gun because she was denied a license to carry. (Exhibit 3 Batty Deposition p. 13 1. 13. P. 141. 3)

  **Response:** Not disputed.

- [Jean Batty] References 9.11 2001, and Boston Marathon as reason for applying for a license. (Exhibit 3 Batty Deposition p.22 1.18 -p. 23 1. 13

  **Response:** Not disputed.

**Numbered Facts on Pages 7-8:**

1.  On March 13, 2013, Edward Russo , a resident of Winchester, applied for a license to
    carry a firearm from the Winchester Police Department. (Exhibit 6 ).

    **Response:**  Not disputed.

2.  The application form requested that the license be issued for "all lawful purposes",
    personal protection". (Exhibit 6,Russo License Application page 3 of 3)"

    **Response:**  Not disputed.

3.  In December 2014 Defendant's staff sent an undated letter to Russo directing him to turn
    in the unrestricted license. (Exhibit 7).

    **Response:**  Not disputed.

4.  On February 6, 2015, Russo turned in his full license and was granted the corrected
    license with the "Targeting & Hunting" restriction. (Exhibit 8)

    **Response:**  Not disputed.

5.  At no time after the issuance of the corrected licenses did the Plaintiffs take any action
    pursuant to M.G.L Chapter 140 Section 131 seeking relief from Chief Albertelli's action
    as an "aggrieved" person. (Exhibit 9 Russo Deposition p. 15 I. 16-22 )

    **Response:**  Not disputed.

**Bullet Points on Page 9:**

- [Ed Russo] Never owned a gun. (Exhibit 9 Russo Deposition p. 8 1. 15-18.)

    **Response:**  Denied.  Mr. Russo recently purchased a gun.  <u>See</u> Dec. of Edward Russo
    (Doc. No. 59) ¶ 14.

- [Ed Russo] Had a full license from June 2013 to January 2015, never purchased a gun.(Exhibit 9 Russo Deposition p. 81. 15-18.)

   **Response:** Not disputed that Mr. Russo did not buy a gun during that time period, as indicated above.

- When applying [Ed Russo], it was for no particular event, ´nothing never happened to me."( Exhibit 9 Russo Deposition p. 8 1. 19-23.)

   **Response:** Not disputed.

Dated: August 2, 2016

Respectfully submitted,

THE PLAINTIFFS,

By their attorneys,

David D. Jensen, Esq.
Admitted *Pro Hac Vice*
DAVID JENSEN PLLC
111 John Street, Suite 420
New York, New York 10038
Tel: 212.380.6615
Fax: 917.591.1318
david@djensenpllc.com

Patrick M. Groulx, Esq.
BBO No. 673394
Grolman LLP
321 Columbus Avenue
Boston, Massachusetts 02116
Tel: 617.859.8966
Fax: 617.859.8903
patrick@grolmanllp.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on 2 August 2016.

 /s/ David D. Jensen

David D. Jensen, Esq.