UNITED STATES COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br>Jean Batty; Edward Russo; Mary Learning; Ken Trudell; Matt Wolf; Paul P. Barnett; Craig Vacca; David Goldman; Janele Goldman; and Commonwealth Second Amendment, Inc.,<br>          Plaintiffs.<br><br>-against-<br><br>Ken Albertelli, in his official Capacity as Chief of the Winchester Police Department; Richard C. Grimes, in his Official Capacity As Chief of the Weymouth Police Department; William Taylor, in his Official Capacity as Superintendent of the Lowell Police Department; and David A. Provencher, in his Official Capacity as the Chief of the New Bedford Police Department,<br><br>          Defendants. | CIVIL ACTION NO.<br>1:15-cv-10238 |

DEFENDANT KEN ALBERTELLI'S MOTION
PURSUANT TO LOCAL RULE 7.1 (b) (3)

Now comes Defendant Albertelli pursuant to Local Rule 7.1 (b) (3) to seek permission to file the attached opinion of the local District Court for the purpose of judicial notice regarding the decision of the court on a petition for review pursuant to MGL 140 Section 131 relating to the issuance of a license to carry in Winchester with a target and hunting restriction issued on September 1, 2016.

1

The Court during oral argument in the above captioned case made inquiry of whether there were any recent cases on the issue before the Court. This case relates specifically to the licensing scheme and jurisdiction and cites to Federal cases including Pineiro.

For the above reasons, Defendant Albertelli believes it is relevant to the case at hand.

Therefore, Defendant seeks permission to submitted for the purpose of judicial notice the attached case Ogonowsky v. Albertelli Woburn District Court 1653CV000353.

Dated: September 8, 2016

Respectfully submitted,
Ken Albertelli, Chief of Police
Town of Winchester,
By his attorney

Wade Welch, Esquire BBO# 522160
Welch & Donohoe
655 Summer Street
Boston, MA 02210
617-428-0222
wwelch@welchdonohoe.com

## CERTIFICATE OF SERVICE

The undersigned member of the Bar certifies that a copy of the foregoing document was served by first class mail or by electronic mail as shown on September 8, 2016.

Wade M. Welch

Kreg Espinola
Burke, Espinola & Van Colen
15 Hamilton Street
New Bedford, MA 02740
espinolak@aol.com

Patrick M. Groulx
Goldman LLP
321 Columbus Avenue
Boston, MA 02116
617-859-8966
617-859-8903 (fax)
Patrick@grolmanllp.com

David D. Jensen
David Jensen PLLC
111 John Street, Suite 420
New York, NY 10038
212-380-6615
david@djensenpllc.com

Kenneth J. Rosetti, Esq.
City of Lowell Law Department
375 Merrimack Street
Lowell, MA 01852
978-674-4050
978-453-1510 (fax)
krossetti@lowellma.gov

| NOTICE TO THE PARTIES | DOCKET NUMBER<br>1653CV000353 | Trial Court of Massachusetts<br>District Court Department |  |
|---|---|---|---|

CASE NAME: Kristopher Ogonowsky v. Kenneth C Albertelli In his/her capacity as Chief of Police for the Town of Winchester

| ATTORNEY (OR PRO SE PARTY) TO WHOM THIS COPY OF NOTICE IS ISSUED | COURT NAME & ADDRESS |
|---|---|
| Wade Mark Welch, Esq.<br>Welch & Donohoe, LLP<br>655 Summer Street<br>Suite 203<br>Boston, MA 02210 | Woburn District Court<br>30 Pleasant Street<br>Woburn, MA 01801 |

**TO THE PARTIES TO THIS CASE:**

The enclosed indicates the Court's action in this matter.

| DATE ISSUED | CLERK-MAGISTRATE/ASST. CLERK |
|---|---|
| September 1, 2016 | Kathleen M McKeon |

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                      DISTRICT COURT DEPARTMENT

                                                    WOBURN DIVISION

                                                    1653 CV 0353

Kristopher Ogonowsky

v.

Kenneth C. Albertelli, in his capacity as Chief of Police for the Town of Winchester

### FINDINGS AND RULINGS ON THE DEFENDANT'S PETITION FOR JUDICIAL REVIEW

This matter comes before the Court on a petition for judicial review of a decision by the Chief of Police for the Town of Winchester to issue a license to carry a firearm with restrictions.

The plaintiff originally filed an application for a license to carry a firearm in March, 2014. The application is attached to plaintiff's petition as Exhibit 3. On April 30, 2014 the Chief of Police issued a license to carry a firearm to the plaintiff limited to "target and hunting". The Chief noted in his original decision to deny an unrestricted license that there were two matters involving the defendant in 1979 and 1980 that were not disclosed in his initial application. The Chief also apparently noted a concern about the applicant's description of an earlier charge of improper disposal of hazardous material. The plaintiff sought judicial review of that decision. In November, 2015, the District Court found that the plaintiff failed to file a petition for judicial review of the decision to issue a restricted license within the time frame required by the statutory scheme in effect at the time and dismissed the petition. The court decision is attached to plaintiff's petition as Exhibit 5.

On January 1, 2015 the statute governing issuance of licenses to carry firearms was revised. One of the changes in the statute provided that a person who was issued a license to carry firearms with restrictions could petition for judicial review at any time after the restriction was placed on the license.

In February, 2016 the plaintiff re-applied for an unrestricted license to carry a firearm under the new statute. The second application is attached to plaintiff's petition as Exhibit 1. On March 11, 2016 the Chief wrote to the counsel for the plaintiff indicating that he was willing to add an amendment to the license to carry issued to the plaintiff to permit the plaintiff to carry a firearm for "employment" purposes along with target and hunting purposes. That letter is attached to the plaintiff's petition as Exhibit 7. In the letter the Chief states, "I am not willing to provide your client with the 'unrestricted' permit he desires. Your client has yet to provide adequate reasons to meet State requirements to

obtain." The applicant accepted this offer as long as it did not prohibit him from appealing the refusal to issue an unrestricted license. The license has now been changed to include "hunting and target" and "employment". The letter from the Chief indicating that change is attached to the plaintiff's petition as Exhibit 9. In that letter, the Chief states "Mr. Ogonowsky's LTC has been processed to include for 'Employment' purposes. This change in status is in response to the concerns expressed by Mr. Ogonowsky as a business owner." A document is attached to the letter, entitled "Law Enforcement Guide to Firearms Law" (page 228) that includes a definition of "employment" for purposes of the license to carry firearms statute. That document, which is also attached to the plaintiff's petition as Exhibit 9, provides, in relevant part, "Employment- Restricts possession to business owner engaged in business activities, or to an employee while engaged in work related activities, and maintaining proficiency, where the employer requires carrying of a firearm (i.e., armored car, security guard, etc.) Includes travel to and from activity location."

The plaintiff now seeks judicial review of the decision to issue a license to carry a firearm restricted to "target and hunting" and "employment". The plaintiff asserts that he has demonstrated a basis for issuance of an unrestricted license based upon the one page summary of the scope of his business activities that, he asserts, demonstrates both that he has a "good reason to fear injury to the applicant or the applicant's property" and that his business activities are so broad and unscheduled that it is impractical for him to return to his home to pick up his firearm any time it is necessary for him to attend to those responsibilities.

The reasons set out in the plaintiff's summary of his employment responsibilities are: he owns four commercial properties and other residential real estate properties in various stages of development; some of the tenants in his commercial properties are open early or late or, in one case, 24 hours a day; one of his tenants is an outpatient mental health and substance abuse program; he is required to respond without prior warning to those properties if there is an alarm or other emergency; that he keeps valuable property at one location in an isolated area; that he travels to the commercial properties at varied hours and often not directly from his home; that he repeatedly arrives at one or two of his commercial properties to find transient people loitering or seeking shelter from the elements in or near his property and the local police department is no longer willing to come to his assistance to remove those individuals from the property; that he is responsible for transporting cash received by one of his businesses and secured in a floor safe to the bank and that he picks up that money and makes those deposits at random times with no set schedule and often does not travel there directly from his home; that he has hired numerous people over the years in this business who would know of his cash handling practices.

The firearms licensing statute currently in effect retains a version of the multiple step process that was present in the prior statute for issuance of a license to carry firearms. First, the licensing authority is to consider whether the applicant is statutorily barred from holding a license to carry. Pineiro v. Gemme, 2011 WL 4853019 (2011). Next, the licensing authority must determine if the applicant is a suitable person to be issued such a license. Id. Once the licensing authority is satisfied that the applicant is a suitable person, the authority must then determine if the applicant can demonstrate a "proper purpose" for carrying a firearm. Ruggiero v. Police Commissioner of Boston, 18 Mass. App. Ct. 256, 259 (1984). The statute sets out two specific examples of what may constitute a "proper purpose": "that the applicant has good reason to fear injury to the applicant or the applicant's property or for any other reason, including the carrying of firearms for use in sport or target practice

only, subject to the restrictions expressed or authorized under this section." M.G.L. c. 140, sec. 131 (d). This requirement is above and beyond the requirement that the applicant show that he is a suitable person. Ruggiero v. Police Commissioner of Boston, 18 Mass. App. Ct. 256, 260 (interpreting similar language in prior version of the statute).

When the applicant seeks a license to carry for self-protection, the burden is on the applicant to establish that he has good reason to fear injury to himself or to his property. The fact that the plaintiff was found to be a suitable person to have a license does not establish that he has met the burden of demonstrating a proper purpose for an unrestricted license. Ruggeiro v. Police Commissioner of Boston, 18 Mass. App. Ct. 256, 161 (1984). (finding that applicant's stated purposes to avoid spending his entire life behind locked doors (and to prevent becoming) a potential victim of crimes did not require issuance of a license for self-defense in public).

The decision of the licensing authority regarding whether or not the applicant has met that burden will be upheld unless the "court finds that there was no reasonable ground for denying, suspending, revoking or restricting the license". M.G.L. c 140, sec. 131 (f). "To warrant a finding that a chief of police had no reasonable ground for refusing to issue a license it must be shown that the refusal was arbitrary, capricious, or an abuse of discretion. Compare, G.L. c. 30A, §14 (7)(g). See also McSweeney v. Town Manager of Lexington, 379 Mass. 794, 799-800 (1980)" Chief of Police of Shelburne v. Moyer, 16 Mass. App. Ct. 543 (1083). See also, Ruggeiro v. Police Commissioner of Boston, 18 Mass. App. Ct. 256, 261.

The licensing authority has found that the applicant is a suitable person to carry a firearm for hunting, target and employment purposes. The applicant's stated purposes for seeking an unrestricted license to carry a firearms all concern his business activities. The licensing authority amended the restrictions on the applicant's license to allow him to carry a firearm for employment. The licensing authority found that the applicant had not shown that he has good reason to fear injury to himself or to his property that could not be addressed by permitting him to carry a firearm for employment purposes. That restriction, by the definition attached to the Chief's letter adding the employment restriction, authorizes the applicant to carry the firearm when he is engaged in business activities and it includes travel to and from the activity location. The fact that it would be more convenient for the applicant to have an unrestricted license than one restricted to employment purposes does not establish that the licensing authority had no reasonable grounds to issue such a restricted license. The petition for judicial review is DENIED.

Date: 8/31/16

Marianne C. Hinkle
Associate Justice