UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JEAN BATTY; EDWARD RUSSO; MATT WOLF; PAUL P. BARNETT; CRAIG VACCA; and COMMONWEALTH SECOND AMENDMENT, INC., <br><br>              Plaintiffs, <br><br>     -against- <br><br>KEN ALBERTELLI, in his official Capacity as Chief of the Winchester Police Department; and WILLIAM TAYLOR, in his Official Capacity as Superintendent of the Lowell Police Department, <br><br>              Defendants. | CIVIL ACTION NO. <br> 1:15-cv-10238-FDS |

### PLAINTIFFS' RESPONSE TO DEFENDANT KEN ALBERTELLI'S LOCAL RULE 7.1(B)(3) MOTION TO SUBMIT ADDITIONAL PAPERS

The Woburn District Court's decision upholding Defendant's denial of an unrestricted LTC to Kristopher Ogonowsky has only tangential relevance to the issues before this Court. There, the court applied the deferential, "no reasonable ground" standard that applies under state law and denied relief because the applicant had not shown that Defendant "had no reasonable grounds" for his decision (p. 3). The case does not address constitutional issues and does not even mention the Second Amendment. The decision's essential relevance is that it shows that an "average" person, otherwise qualified and able to articulate plausible reasons for seeking a license, has no entitlement to an LTC that allows self-defense outside the home.

The overarching structure of state law is essential to understanding this decision's import. Since 1998, subpart (a) of § 131 has expressly provided that LTC's are "subject to such restrictions relative to the possession, use or carrying of firearms as the licensing authority *deems*

*proper.*"  M.G.L. c. 140, § 131(a) (emphasis added); see 1998 Mass. Acts ch. 180, § 41, sec. 131(a).  The only statutory limit on this "deems proper" discretion is in subpart (f), which provides that an applicant can obtain relief from a court—but only if he or she can meet the burden of showing that there was "no reasonable ground" for the licensing authority's decision.  See M.G.L. c. 140, § 131(f).  Finally, § 131 has long contained a separate requirement that license applicants have (in substance) "good reason to fear injury to the applicant or the applicant's property or . . . any other reason, including the carrying of firearms for use in sport or target practice only."  Id. § 131(d); see also 1936 Mass. Acts. ch. 302; 1919 Mass. Acts. ch. 207, § 1.  Before the General Court added the "deems proper" language to the statute, Massachusetts courts had already ruled that the "good reason . . . other reason" requirement implicitly authorized the imposition of restrictions.  See Ruggiero v. Police Commissioner of Boston, 464 N.E.2d 104, 107, 18 Mass. App. Ct. 256, 260 (1984) ("We do not think the Legislature would have gone to the effort of providing a 'proper purpose' requirement in § 131 or of identifying two such purposes unless the Legislature intended that the licensing authority have the power to limit any license granted under § 131 to a specified purpose.").  Ruggiero stands for the proposition that it is not "arbitrary, capricious or an abuse of discretion" to impose a "Target, Hunting & Sporting" restriction when a person applies on the basis of their own personal desire for self-defense.  Id. at 108, 18 Mass. App. Ct. at 261.  The court in Ruggiero did not hold that restrictions were required, nor did it indicate any circumstances under which the decision to impose a restriction would be overturned.

Consistent with these authorities, the Woburn District Court upheld Defendant's denial of an unrestricted LTC on the ground that (as quoted in Defendant's letter, pp. 1-2) the applicant had not "provide[d] adequate reasons to meet State requirements"—even though the purported

"State requirements" were never identified, nor were any "adequate reasons" ever articulated. The conclusory statement that Defendant had "found that the applicant had not shown that he has good reason to fear injury" was sufficient to indicate that there was a "reasonable ground" for Defendant's decision (p. 3).

To the extent this decision can be read as suggesting that § 131 *requires* some sort of special, additional, or unique requirements to obtain an unrestricted LTC as a matter of law, it is clear that Ruggiero—one of the two primary authorities the decision relies upon—does not so hold.  Moreover, the other authority the decision relies on substantially—Ronald Glidden's Law Enforcement Guide to Firearms Law[1]—likewise reflects the understanding that § 131 allows additional requirements, but does not require them.  Chief Glidden's view is simply that a "chief *may* issue an unrestricted license or (s)he *may* restrict the license to a specific purpose (s)he deems proper."  Ronald C. Glidden, Law Enforcement Guide to Firearms Law p. 196 (14th ed. 2009) (emphases added) (citing Ruggiero).  And aside from suggesting that a restriction may be proper "[i]f the department is concerned with how a person will carry a firearm," id. at 74, Chief Glidden provides no guidance regarding when a restriction should or should not be imposed, instead just describing it as a "decision" of the chief, see id. at 196-97.  As the Court is at this point well aware, police chiefs across Massachusetts have a variety of policies and practices in place, and many issue unrestricted LTC's as a matter of course.  See, e.g., Plaintiffs' Brief (Doc. No. 56) p. 2 & n.1; Proposed Order of Dismissal as to Chief Provencher (Doc. No. 45) ¶¶ 3-4.

Thus, Plaintiffs do not oppose Defendant's motion for leave to file the Woburn District Court's decision (Doc. No. 72), but note that the decision only goes as far its context.

---

[1] In Commonwealth v. Reyes, 464 Mass. 245, 982 N.E.2d 504 (2013), the Supreme Judicial Court cited Glidden as "[a] leading secondary source" on Massachusetts firearms laws.  Id. at 253-54, 982 N.E.2d at 511-12.

                  Respectfully submitted,

                  THE PLAINTIFFS,
                  By their attorneys,

                  /s/ David D. Jensen
                  David D. Jensen, Admitted *Pro Hac Vice*
                  DAVID JENSEN PLLC
                  111 John Street, Suite 420
                  New York, New York 10038
                  Tel:  212.380.6615
                  Fax:  917.591.1318
                  david@djensenpllc.com

                  Patrick M. Groulx, BBO #673394
                  Grolman LLP
                  321 Columbus Avenue
                  Boston, Massachusetts 02116
                  Tel:  617.859.8966
                  Fax:  617.859.8903
Dated: September 23, 2016        patrick@grolmanllp.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on 23 September 2016.

                                                  /s/ David D. Jensen
                                                  David D. Jensen, Esq.