UNITED STATES COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: | ) | |
| Jean Batty; Edward Russo; Mary | ) | |
| Learning; Ken Trudell; Matt Wolf; | ) | |
| Paul P. Barnett; Craig Vacca; David | ) | |
| Goldman; Janele Goldman; and | ) | |
| Commonwealth Second Amendment, | ) | |
| Inc., | ) | CIVIL ACTION NO. |
| Plaintiffs. | ) | 1:15-cv-10238 |
| | ) | |
| | ) | |
| | ) | |
| -against- | ) | |
| | ) | |
| Ken Albertelli, in his official Capacity as | ) | |
| Chief of the Winchester Police Department; | ) | |
| Richard C. Grimes, in his Official Capacity | ) | |
| As Chief of the Weymouth Police | ) | |
| Department; William Taylor, in his Official | ) | |
| Capacity as Superintendent of the Lowell | ) | |
| Police Department; and David A. | ) | |
| Provencher, in his Official Capacity as the | ) | |
| Chief of the New Bedford Police | ) | |
| Department, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT ALBERTELLI'S  REPLY TO**

**TO PLAINTIFFS' RESPONSE TO**

**DEFENDANT'S SUBMITTING ADDITIONAL PAPERS**

To the extent that the Plaintiffs do not oppose Defendant's submission of the Ogonowsky opinion for the Court's consideration, Defendant will briefly focus on the significance of the opinion as it relates to the above captioned case.

Defendant does not agree that the decision in Ogonowsky has only "tangential" relevance to the issues before the Court.

Ogonowsky provides the Court with a view of the State scheme through the Petition review as is contemplated by Chapter 140 Section 131.  In Ogonowsky,  the "aggrieved" applicant applied for a full license and was provided a license that included the Targeting and Hunting restriction from which he filed his petition for review pursuant to Section 131 (f). While the Petition was pending, the applicant filed a new application for an unrestricted LTC. The Chief, after reviewing the application, indicated his willingness to modify the license to include the ability of the applicant to use the license during his employment. The applicant took the license with the agreed to understanding that he was entitled to continue his petition for review of the restrictions. The Court ruling on the petition denied Ogonowsky's petition finding that he failed to show that "he has good reason to fear injury to himself".

As argued in the Defendant's prior motion to dismiss, the second amendment does not impact these licensing applications as the statutory scheme meets the requirements of the second amendment. Unlike in Ogonowsky, where the Court reviewed the Defendant's actions for arbitrariness, or  whether the Defendant abused his authority, there has been no finding in this case currently before the court  that the Chief's  actions were arbitrary or capricious as the plaintiffs failed to raise the issue with the State as is provided by Chapter 140 Section 131.

Nothing that the Defendant did either in <u>Ogonowsky</u> or <u>Batty</u> could be found to be outside the scheme which has been approved by the Courts in <u>Heller</u>, <u>McDonald</u>, <u>Hightower</u> and <u>Ruggerio.</u> Again, there are no facts before the Court which are not consistent with the State scheme.

For these reasons, Defendant would argue that <u>Ogonowsky</u> is material to document the Defendant's consistency in implementing the scheme in similar cases, and the importance of the petition for review in the licensing process.

Respectfully submitted,
Ken Albertelli, Chief of Police
Town of Winchester
By his attorney,

Wade Welch, Esquire BBO# 522160
Welch & Donohoe
655 Summer Street
Boston, MA 02210
617-428-0222
wwelch@welchdonohoe.com

Dated: October 6, 2016

**CERTIFICATE OF SERVICE**

The undersigned member of the Bar certifies that a copy of the foregoing document was served by first class mail or by electronic mail as shown on October 6, 2016.

Wade M. Welch

3

Kreg Espinola
Burke, Espinola & Van Colen
15 Hamilton Street
New Bedford, MA 02740
espinolak@aol.com

Patrick M. Groulx
Goldman LLP
321 Columbus Avenue
Boston, MA 02116
617-859-8966
617-859-8903 (fax)
Patrick@grolmanllp.com

David D. Jensen
David Jensen PLLC
111 John Street, Suite 420
New York, NY 10038
212-380-6615
david@djensenpllc.com

Kenneth J. Rosetti, Esq.
City of Lowell Law Department
375 Merrimack Street
Lowell, MA 01852
978-674-4050
978-453-1510 (fax)
krossetti@lowellma.gov